**THE OTTINGER FIRM, P.C.**
ROBERT OTTINGER (SBN 156825)
535 Mission Street
San Francisco, CA 94133
Tel: (415) 262-0096
Fax: (212) 571-0505
Email: robert@ottingerlaw.com

**ADVOCATES FOR WORKER RIGHTS LLP**
MARCO A. PALAU (Bar No. 242340)
  marco@advocatesforworkers.com
JOSEPH D. SUTTON (Bar No. 269951)
  jds@advocatesforworkers.com
ERIC S. TRABUCCO (Bar No. 295473)
  est@advocatesforworkers.com
212 9th Street, Suite 314
Oakland, California 94607
Telephone: (510) 269-4200

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA—FRESNO DIVISION

| | |
|---|---|
| ALICIA ARRENDONDO, individually and acting in the interest of other current and former employees,<br><br>    Plaintiff,<br><br>vs.<br><br>SOUTHWESTERN & PACIFIC SPECIALITY FINANCE, INC.; CHECK 'N GO OF CALIFORNIA, INC. and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 1:18-CV-01737-DAD-SKO<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br>1.  Failure To Pay Minimum and Overtime Wages (Cal. Lab. Code §§ 510, 512, 1194, 1194.2 & 1198);<br>2.  Failure To Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512 & 1198);<br>3.  Failure To Provide Rest Periods (Cal. Lab. Code §§ 226.7 & 1198);<br>4.  Failure To Furnish Accurate Itemized Wage Statements (Cal. Lab. Code § 226)<br>5.  Failure to Timely Pay Final Wages at Termination (Cal. Labor Code §§ 201-203)<br>6.  Unfair Competition (Cal. Bus. & Prof. Code §17200 *Et Seq.*)<br>7.  Private Attorney General Act ("PAGA") (Cal. Labor Code §§ 2698 *et seq.*)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Alicia Arredondo ("Plaintiff"), for herself and on behalf of other persons similarly situated (collectively, "Plaintiff" or "Class Members"), complains and alleges upon personal knowledge and information and belief as follows:

## **INTRODUCTION**

1. Plaintiff brings this class and representative action against Defendants Southwestern & Pacific Specialty Finance Inc. and Check 'N Go of California and DOES 1-20 (collectively "Defendants"), and on behalf of other persons similarly (including all hourly, non-exempt employees) situated in California (collectively referred to as the "Class Members") from the date four years prior to the filing of the original complaint in this matter through the date of trial in this action.

2. Defendants violated California law by maintaining policies and practices that systematically fail to provide employees with the protections of California's Labor Code. Defendants has violated numerous provisions of the California Labor Code due to its unlawful policies and practices, including failing to compensate Class Members of all minimum and overtime hours worked, failing to provide meal and rest periods or premium wages in lieu thereof, and failing to furnish timely statements accurately showing, among other things, the total hours Class Members worked during each pay period. Plaintiff also alleges that these acts, which violate the California Labor Code, constitute predicate unlawful and unfair business practices in violation of the California Unfair Competition Laws.

3. Pursuant to Labor Code section 2699.3, Plaintiff has given written notice to the employer and the Labor and Workforce Development Agency (LWDA) of the alleged Labor Code and Wage Order violations, and the facts and theories supporting those violations. Plaintiff has fulfilled the administrative prerequisites of Labor Code section 2699.3 and is statutorily authorized to act on behalf of the State of California to enforce the state's labor and employment laws and collect civil penalties on behalf of the state and current or former employees, including herself. Plaintiff hereby asserts a Private Attorneys General Act claim seeking civil penalties for Defendants' violations of the Labor Code and Wage Orders as described herein. Plaintiff therefore

seeks to hold Defendants and other persons who violated or caused violations of the Labor Code and Wage Orders liable for civil penalties owed to the state and the workforce.

## JURISDICTION & VENUE

4.      Defendants removed this action from Stanislaus County Superior Court to this Court on December 21, 2018 pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a) and § 1441(a) because Defendants Southwestern and Plaintiff are citizens of different states and the amount in controversy exceeds $75,000 and under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453 because minimum diversity exists and the amount in controversy exceeds $5,000,000. Plaintiff does not contest the Court's jurisdiction on diversity or CAFA grounds.

5.      Venue is proper in the United States District Court, Eastern District of California pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this district.

## PARTIES

6.      Plaintiff Alicia Arredondo resides in Riverdale in Stanislaus County, California. Plaintiff began employment with Defendants in one of its Modesto locations in Modesto California approximately ten (10) years ago. Her job title was Store Manager. Plaintiff has worked in many different store locations for Defendants, including stores in Modesto, Stockton, and Tracy. At the time Plaintiff's employment ended, Plaintiff's hourly rate of pay was approximately $25.10. Plaintiff, and her co-workers, are all subject to the same policies and practices.

7.      Defendants Southwestern & Pacific Specialty Finance Inc. and California Check 'N Go are companies offering payday loans, installment loans, check cashing services, money orders, and other financial services to the public. On information and belief, Defendants have at least thirty (30) stores within the State of California, and likely more.

8.      Doe Defendants 1-20, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendants

2

is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the putative Class Members herein alleged were proximately caused by such Defendants.

9.     Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## GENERAL ALLEGATIONS

10.     Defendants are in the business of owning and operating "Check-N-Go" stores, which offer payday loans, installment loans, check cashing services, money orders, and other financial services to the public.

11.     Plaintiff and the Class Members worked for Defendants in the State of California, including the County of Stanislaus, as non-exempt, hourly employees providing customer service to Defendants' customers and assisting them with processing general paperwork for Defendants.

12.     Defendants employed Plaintiff as an hourly-paid, non-exempt employee from approximately April 16, 2008 to November 2018, in the State of California, primarily in the County of Stanislaus. Her job title was Store Manager.  Although Plaintiff worked primarily in Defendants' Modesto locations, she has worked at other locations in California (including Stockton and Tracy), which all employ the same employment policies and practices.  During her employment, Plaintiff worked more than eight (8) hours per day and more than forty (40) hours per week on a regular basis.

13.     Despite working diligently for Defendants, Plaintiff did not receive pay for all hours worked, was not paid all overtime pay, nor was she given proper meal and rest breaks.

14.     Due to Defendants' staffing policies and procedures, Plaintiff was prohibited from taking meal and rest breaks during their shifts.

15.     Due to Defendants' policies and procedures, Plaintiff was required to work off-the-clock before and after their shifts in order to open and close the stores.  For example, Plaintiff and Class Members spent time, off the clock, performing work for Defendants, including but not limited

to: unlocking and relocking the door, disarming the alarm system, starting computer systems, loading programs, logging into various systems, clocking in and out, and closing the store down.

16. The abuses suffered by Plaintiff were in no way unique to her. Instead, upon information and belief, Defendants' labor violations are widespread and systemic.

17. Defendants had the authority to hire and terminate Plaintiff and the other Class Members; to set work rules and conditions governing Plaintiff and the other Class Members' employment; and to supervise their daily employment activities.

18. Defendants directly hired and paid wages and benefits to Plaintiff and the other Class Members.

19. Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

20. Upon information and belief, like Plaintiff, the other Class Members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

21. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California. This scheme involved, inter alia, failing to pay them for all hours worked, missed meal periods and rest breaks in violation of California law.

22. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other Class Members were entitled to receive wages for all hours worked and that they were not receiving wages for all hours worked.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other Class Members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

24. Plaintiff is informed and believes, and based thereon alleges, that Defendants' policies and practices prevented Plaintiff and the other Class Members from taking required rest and

meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other Class Members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other Class Members' regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other Class Members' regular rate of pay when a meal period was missed.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other Class Members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other Class Members' regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other Class Members' regular rate of pay when a rest period was missed.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other Class Members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other Class Members did not receive payment of all wages, including overtime wages and meal and rest period premiums within any time permissible under California Labor Code section 204.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other Class Members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants . The deficiencies included, inter alia, the failure to include the total number of hours worked by Plaintiff and the other Class Members.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other Class Members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other Class Members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other Class Members that they were properly paid all wages, in order to increase Defendants' profits.

31.     At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other Class Members for all hours worked. Plaintiff and the other Class Members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

32.     At all material times set forth herein, Defendants failed to provide the requisite uninterrupted meal and rest periods to Plaintiff and the other Class Members.

33.     At all material times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other Class Members.

34.     At all material times set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other Class Members.

35.     At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other Class Members pursuant to California law in order to increase Defendants' profit.

36.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly… for any wages or penalty due to him [or her] under this article."

## CLASS ALLEGATIONS

37.     Plaintiff brings this action on behalf of herself and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined group and subgroups: All persons who are or have been employed by Defendants as non-exempt, hourly employees within the State of California within four years prior to the filing of the original Complaint to the final disposition of this case ("Class Members").  The class includes all non-exempt workers.

38.     **Numerosity**: The Proposed Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed hundreds of people who are geographically dispersed throughout California and who satisfy the definition of the Proposed Class.  The Class Members are so numerous that joinder of all Class Members is impracticable.  The individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

39.     **Typicality**: Plaintiff's claims are typical of all other Class Members as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other Class Members with whom she has a well-defined community of interest.

40.     **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other Class Members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.  Plaintiff has retained counsel experienced in wage and hour class action litigation.

41.     **Commonality**: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

    a.  Whether Defendants, as matters of policy or practice, have failed to relieve Class Members of all duty for first meal periods before the end of the fifth hour of their shifts?

    b.  Whether Defendants, as matters of policy or practice, have failed to relieve Class Members of all duty for second meal periods before the end of the tenth hour of their shifts?

c. Whether Defendants have failed to maintain a policy or practice that reasonably permits Class Members to take net rest periods of ten minutes for each four-hour work period, or major portion thereof?

d. Whether Defendants have, as matters of policy or practice, failed to make good faith efforts to provide Class Members with rest periods of during the middle of each four-hour work period?

e. Whether Defendants lacks any mechanism for paying premium wages to Class Members when they are not provided with timely meal and/or rest periods?

f. Whether Defendants are liable to Class Members for restitution of minimum wage, overtime wages, and premium wages?

g. Whether, by failing to pay premium wages to Class Members, Defendants have failed to provide them with written wage statements that accurately reflect their gross and net wages earned?

h. Whether Defendants had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all missed meal periods and rest breaks in violation of California law;

i. Whether Defendants required Plaintiff and the other Class Members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other Class Members;

j. Whether Defendants complied with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

k. Whether Defendants failed to pay timely and complete wages to former employees at termination in violation of California Labor Code, sections 201, 202, and 203;

l. Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including *inter alia*, section 1174(d);

m. Whether Defendants' conduct was willful or reckless;

n. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

8

o. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

p. Whether Plaintiff and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code.

42. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against a corporate Defendants. A class action is superior to other available means for fair and efficient adjudication of class members' claims and offers significant benefits to the parties and the court. A class action will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. The monetary amounts due to many class members are likely to be relatively small, thus making it difficult, if not impossible, for individual class members to seek and obtain relief. Moreover, a class action will serve important public interests by enabling the non-waivable statutory rights of class members to be effectively asserted, and fundamental public policies to be vindicated, in one proceeding. A class action will also provide a means for vindicating the rights of current employees who are less likely to come forward to assert those rights based on fears of employer reprisal. Finally, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation and address the problems inherent in random and fragmentary enforcement.

43. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of multiple actions by individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual class member's claim as a separate action could be dispositive of the interests of other individuals not party to this action, impeding their ability to protect their interests.

44.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive or declaratory relief is appropriate respecting the class as a whole.

45.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class, and because a class action is superior to other available methods for fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the proposed Class timely payment of wages and adequate wage statements. The damages suffered by individual proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. Proposed Class members fear workplace retaliation and being prevented from obtaining future employment with Defendants. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against Defendants' practices.

46.     Plaintiff intends to send notice to all members of the Proposed Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure.  The names and addresses of the Proposed Class are available from Defendants.

## PAGA REPRESENTATIVE ACTION ALLEGATIONS

47.     **Plaintiff's Arrendondo's Representative Action Allegations**. On February 25, 2019, Plaintiff gave written notice of the facts and theories regarding Defendants' violations of the various provisions of the California Labor Code as alleged in this complaint to the Labor and Workforce Development Agency ("LWDA") via online filing and to Defendants by certified mail. *See* Exhibit A.

48.     The LWDA did not provide notice of its intention to investigate Defendants' alleged violations within thirty-three (33) calendar days of the February 25, 2019 filing date of the notice sent by Plaintiff. *See* Cal. Lab. Code § 2699.3(a)(2)(A).  Plaintiff has fulfilled the administrative prerequisites of Labor Code section 2699.3 and is statutorily authorized to act on behalf of the State of California to enforce the state's labor and employment laws and collect civil penalties on behalf of the state and current or former employees, including herself.

49.     Plaintiff alleges that Defendants violated PAGA in the following ways: (1) Defendants have failed to pay all minimum and overtime wages owed in violation of Wage Order 4 and Labor Code §§ 510, 558, 1194, 1197, 1197.1 and 1198; (2) Defendants has failed to provide lawful meal and rest periods in violation of Wage Order No. 4 and Labor Code §§ 226.7, 512, 558 and 1197.1; (3) Defendants has failed to furnish accurate and itemized wage statements pursuant to Labor Code §§ 226 and 226.3; (4) Defendants has failed to maintain accurate payroll records pursuant to Labor Code §§ 1174, 1174.5, and Wage Order 4; and (5) Defendants has failed to provide prompt payment of wages to workers upon termination and resignation in violation of Labor Code §§ 201, 202, 203 and 256.

## FIRST CAUSE OF ACTION

### *Failure to Pay Minimum and Overtime Wages*

### **(Lab. Code §§ 510, 1194, 1194.2, 1197, 1198, and Wage Order 4)**

50.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

51.     At all relevant times, Plaintiff and Class Members have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and of Wage Order 4-2001.

52.     Cal. Lab Code § 1194 makes it unlawful for an employer to pay any employee less than the State of California minimum wage.

53.     Cal. Lab. Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

54.     Section 2(K) of Wage Order 4-2001 defines "hours worked" as "the time during which an employee is subject to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so."

55.     Cal. Lab. Code §§ 510 and 1194, and Section 3 of Wage Order 4-2001, require employers to pay overtime wages to their non-exempt employees at no less than one and one-half times their regular rates of pay for all hours worked in excess of eight hours in one workday, all

hours worked in excess of forty hours in one workweek, and for the first eight hours worked on a seventh consecutive workday.

56.     Cal. Lab. Code §§ 510 and 1194, and Section 3 of Wage Order 4-2001, also require employers to pay overtime wages to their non-exempt employees at no less than two times their regular rates of pay for all hours worked in excess of twelve hours in one workday, and for all hours worked in excess of eight hours on a seventh consecutive workday.

57.     Plaintiff is informed, believes, and thereon alleges that, at all relevant times and as matters of policy or practice, Defendants have failed to pay Class Members minimum and overtime wages for all hours worked and for overtime hours worked due to class-wide policies and practices.

58.     The violations described herein, including but not limited to the violations of Labor Code sections 510, 558, 1194, 1194.2, 1197, 1197.1, 1198, and 2698 *et seq*., serve as predicate violations under PAGA.  Plaintiff has complied with the administrative procedures set forth in Labor Code section 2699.3 to bring a claim for civil penalties under PAGA and as such seeks penalties for the state, the workforce and himself.  PAGA penalties are sought against all Defendants pursuant to Labor Code sections 558, 1197.1 and 2698 *et seq*.

59.     Pursuant to Cal. Lab. Code §§ 1194(a) and 1194.2(a), Plaintiff seeks to recover earned and unpaid minimum and overtime wages, interest thereon, as well as awards of reasonable costs and attorneys' fees, as well as liquidated damages all in amounts subject to proof.

## SECOND CAUSE OF ACTION

### *Failure to Provide Meal Periods*

### (Lab. Code §§ 226.7, 512, and Wage Order 4)

60.     Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

61.     Labor Code § 512 and Section 11 of Wage Order 4-2001 impose an affirmative obligation on employers to provide non-exempt employees with a first uninterrupted, duty- free, meal period of at least thirty minutes for each work period of five or more hours before the end of the fifth hour of work, and to provide them with a second uninterrupted, duty-free, meal period of

at least thirty minutes for each work period of more than ten hours before the end of the tenth hour of work.

62.     Labor Code § 226.7 and Section 11 of Wage Order 4-2001 require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a meal period.

63.     Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate Wage Order 4-2001.

64.     At relevant times during their employment, Defendants failed to relieve Plaintiff of all duty for a first uninterrupted meal period of at least thirty minutes before the end of their fifth hour of work and/or for a second uninterrupted meal period of at least thirty minutes before the end of their tenth hour of work and failed to pay their premium wages on those workdays.

65.     Plaintiff is informed, believes, and thereon alleges that, at all relevant times, Defendants have maintained policies and practices with respect to employee scheduling and meal periods that have prevented Class Members from being relieved of all duty for a first uninterrupted meal period of at least thirty minutes before the end of their fifth hour of work and/or for a second uninterrupted meal period of at least thirty minutes before the end of their tenth hour of work, and have failed to pay them premium wages on those workdays.

66.     Pursuant to Labor Code § 226.7, Plaintiff seeks to recover premium wages on behalf of themselves and Class Members in amounts subject to proof.

67.     The violations described herein, including but not limited to the violations of Labor Code sections 226.7, 512, and Wage Order 4 serve as predicate violations under PAGA. Plaintiff has complied with the administrative procedures set forth in Labor Code section 2699.3 to bring a claim for civil penalties under PAGA and as such seeks penalties for the state, the workforce and himself. PAGA penalties are sought against all Defendants pursuant to Labor Code sections 558, 1197.1 and 2698 *et seq*.

68.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and Class Members, seeks awards of reasonable attorneys' fees and costs in amounts subject to proof at trial.

*Case No.*: 1:18-CV-01737-DAD-SKO

# THIRD CAUSE OF ACTION

## *Failure to Provide Rest Periods*

### (Lab. Code §§ 226.7 and Wage Order 4)

69.     Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

70.     Section 12 of Wage Order 4-2001 imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four-hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

71.     Labor Code § 226.7 and Section 12 of Wage Order 4-2001 requires employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest period.

72.     Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate Wage Order 4-2001.

73.     At relevant times during their employment, Defendants failed to authorize and permit Plaintiffs to take net rest periods of at least ten minutes for each four-hour work period, or major portion thereof, and failed to pay their premium wages on those workdays.

74.     Plaintiff is informed, believes, and thereon alleges that, at all relevant times, Defendants have maintained policies and practices with respect to employee scheduling and rest periods that have failed to authorize and/or reasonably permit Class Members to take 10-minute net rest periods for each four-hour work period, or major portion thereof.

75.     Pursuant to Labor Code § 226.7, Plaintiff seeks to recover premium wages on behalf of themselves and Class Members in amounts subject to proof.

76.     The violations described herein, including but not limited to the violations of Labor Code sections 226.7 and Wage Order 4 serve as predicate violations under PAGA.  Plaintiff has complied with the administrative procedures set forth in Labor Code section 2699.3 to bring a claim for civil penalties under PAGA and as such seeks penalties for the state, the workforce and himself.  PAGA penalties are sought against all Defendants pursuant to Labor Code sections 558,

14

1197.1 and 2698 *et seq.*

77. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the Class Members, seeks awards of reasonable attorneys' fees and costs in amounts subject to proof.

**FOURTH CAUSE OF ACTION**

***Wage Statement Penalties***

**(Lab. Code § 226 and Wage Order 4)**

78. Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

79. Pursuant to Labor Code § 226(a), Defendants have been obliged to provide Plaintiff and Class Members, either semimonthly or at the time of each payment of wages, accurate itemized statements showing, among other things, the gross and net wages earned by each class member.

80. By failing to pay all minimum and overtime wages owed, and/or premium wages to Plaintiff and Class Members as set forth above, Defendants has furnished them with written wage statements that do not accurately reflect, among other things, their respective amounts of gross and net wages earned, and number of hours worked at each applicable wage rate.

81. Plaintiff is informed and believes and thereon alleges that Defendants' failure to provide her and Class Members with accurate wage statements have been knowing and intentional, in that Defendants has, at all relevant times, had the ability to provide Plaintiff and Class Members with accurate wage statements but, instead, has knowingly and intentionally provided them with inaccurate wage statements as a result of not keeping accurate records of all their hours worked, their meal period start and stop times, and the total amount of minimum and overtime wages earned.

82. Plaintiff is informed, believes, and thereon alleges that she and Class Members have suffered injuries due to Defendants' failure to provide accurate written wage statements in that, among other things, their legal rights to receive accurate wage statements have been violated, they have been misled about the amounts of wages they have earned, they have been prevented from

immediately challenging allegedly unlawful pay practices, they have needed or will need to reconstruct time and pay records and perform mathematical computations to determine the amounts of wages they have earned, and/or have had inaccurate information about their wages and deductions submitted to government agencies.

83. Pursuant to Labor Code § 226(e), Plaintiff, on behalf of herself and Class Members, seeks to recover the greater of actual damages or $50 for the initial pay period in which a § 226(a) violation occurred, the greater of actual damages or $100 for each violation of § 226(a) in a subsequent pay period, up to the greater of actual damages or an aggregate $4,000 penalty per class member, as well as awards of reasonable attorneys' fees and costs, all in amounts subject to proof.

84. Defendants' violation of Labor Code section 226 serves a predicate violation of PAGA, subjecting Defendants to liability for civil penalties owed to the state, the workforce and Plaintiff. Plaintiff has complied with the administrative procedures set forth in Labor Code section 2699.3 to bring a claim for civil penalties under PAGA and as such seeks penalties for the state, the workforce and herself. PAGA penalties are sought against all Defendants pursuant to Labor Code sections 226.3 and 2698 *et seq.*

## **FIFTH CAUSE OF ACTION**

### ***Waiting Time Penalties***

### **(Cal. Labor Code §§ 201-203)**

85. Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

86. Labor Code § 201 provides that all of the earned and unpaid wages of an employee who is discharged become due and payable immediately at the time of discharge.

87. Labor Code § 202 provides that all of the earned and unpaid wages of an employee who quits become due and payable at the time of quitting if the employee gives at least 72-hours notice before quitting, or within 72 hours of quitting if the employee gives less than 72-hours notice before quitting.

88.     Labor Code § 203 provides that the wages of a terminated employee will continue as a penalty for up to thirty calendar days if the employer willfully fails to timely pay any earned and unpaid wages to the employee in the times set forth in Labor Code §§ 201–202.

89.     By failing to pay Plaintiff earned premium wages, minimum wages, and/or overtime wages, Defendants failed to timely pay Plaintiff and Class Members all earned and unpaid wages in violation of Labor Code § 201 or § 202.

90.     Plaintiff is informed, believes, and thereon alleges that, by failing to pay former Class Members earned premium wages, minimum wages, and/or overtime wages, Defendants have failed to timely pay them all earned and unpaid wages in violation of Labor Code § 201 or § 202.

91.     Plaintiff is informed, believes and thereon alleges that, at all relevant times, Defendants' failure to pay them and former Class Members earned and unpaid wages in violation of Labor Code §§ 201–202 have been willful in that Defendants have had the ability to fully comply with the requirements set forth in those statutes, but have deliberately chosen to maintain policies and practices with respect to payroll that are incompatible with those requirements.

92.     Pursuant to Labor Code § 203, Plaintiff, on behalf of herself and former Class Members, seek up to thirty days of wages as waiting time penalties in amounts subject to proof.

93.     The failure to pay all wages timely upon separation from employment under Sections 201, 202 and 203 of the Labor Code serves as a predicate for PAGA penalties. Plaintiff has complied with the administrative procedures set forth in Labor Code section 2699.3 to bring a claim for civil penalties under PAGA and as such seeks penalties for the state, the workforce and herself. PAGA penalties are sought against all Defendants pursuant to Labor Code sections 201, 202, 203, 256, 1197.1 and 2698 *et seq*.

94.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and former Class Members, seeks awards of reasonable attorneys' fees and costs in amounts subject to proof.

### SIXTH CAUSE OF ACTION

**Unfair Competition**

**(Bus. & Prof. Code § 17200 *et seq*.)**

95. Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

96. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

97. Business and Professions Code § 17203 allows a person who has lost money or property as a result of unfair competition to bring an action to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

98. As set forth above, Plaintiff and Class Members have lost money or property in the form of earned overtime, and/or premium wages as a result of Defendants' unlawful failures to pay them those wages, and related failures to maintain accurate records, in violation of the requirements of the Labor Code and Wage Order 4-2001.

99. Plaintiff is informed, believes, and thereon alleges that, at all relevant times and as set forth above, Defendants have either have acquired, or may have acquired, money or property in the form of earned overtime, and premium wages from Class Members by means of unfair competition as a result of Defendants' unlawful failure to pay them those wages, and related failures to maintain accurate records, in violation of the requirements of the Labor Code and Wage Order 4-2001.

100. Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of herself and Class Members, seeks restitution of all moneys and property, including, but not limited to, earned regular, overtime, and premium wages, that Defendants either acquired, and/or may have acquired, from them by means of unfair competition in amounts subject to proof at trial.

101. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and Class Members, seeks awards of reasonable attorneys' fees and costs in amounts subject to proof.

## SEVENTH CAUSE OF ACTION

### *California Private Attorney General Act ("PAGA")*

### **(Civil Penalties Pursuant to Labor Code §§ 2698, *et seq.*)**

102. Plaintiff re-alleges and incorporates the allegations above as if fully stated herein.

103. Plaintiff is an aggrieved employee as defined in California Labor Code section 2699(a). She brings this cause of action on behalf the State of California with respect to the labor law violations she and all other current or former non-exempt employees experienced during the relevant time-period, as alleged in this complaint.

104. Plaintiff has complied with the pre-filing requirements set forth in Labor Code section 2699.3 by giving written notice to the LWDA and the employer(s) by certified mail, return receipt of the alleged Labor Code and Wage Order violations and the facts and theories in support thereof. Sixty-five days have passed since the notice was given and Plaintiff is now empowered to act on behalf of the state to enforce the Labor Code and Wage Orders and collect penalties for violations thereof.

105. As described in this complaint, Defendants violated the Labor Code by failing to compensate for all hours worked, failing to comply with the rest and meal period requirements or pay additional wages in lieu thereof, failing to provide accurate itemized wage statements, failing to maintain accurate time and payroll records, and maintaining the policies and practices described in this complaint. As a consequence, Defendants have violated the rights of Plaintiff and, on information and belief, the rights of other current or former employees who worked for Defendants as non-exempt employees.

106. PAGA permits an individual to recover civil penalties on behalf of herself and other current or former employees for violations of the Labor Code. Labor Code section 2699(a).

107. Defendants are liable for PAGA penalties for the Wage Order and Labor Code violations described in this complaint. Plaintiff alleges that Defendants violated: sections 201-202, 256 and 1197.1 subjecting Defendants to liability for waiting time penalties based on willful (section 203) failure to pay all wages owed timely upon separation from employment; sections 200, 204, 204(b), and 210 by failing to pay all wages owed weekly, semi-monthly or when due; sections 226 and 226.3 for providing inaccurate wage statements; sections 226.7, 512 and the Wage Orders for failing to comply with meal and rest period requirements and failing to pay premiums in lieu of rest and meal breaks; sections 558 and 1197.1 for recovery of wages as penalties, in addition to penalties for violation of the minimum wage and failure to pay all

overtime, rest break, and meal period premiums; sections 1174 and 1174.5 for failing to maintain required payroll records; and 1194, 1194.2 , 1197 and 1197.1 for failure to pay minimum wage for all hours worked.  In addition, Defendants violated provisions of the Wage Orders, including provisions governing payment for all hours worked, rest and meal breaks, and accurate record-keeping.

108.    Plaintiff seeks PAGA penalties for himself, the workforce and the state, plus attorney's fees, costs and interest thereon.

109.    Plaintiff seeks civil penalties, attorney's fees and costs pursuant to Labor Code section 2699 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.      For an order awarding Plaintiffs compensatory damages for all wages earned but not paid, and all overtime wages earned and not paid, in the amount to be proven at trial, pursuant to Labor Code sections 510, 558, 1194, 1197, 1198;

2.      For pre-judgment interest of 10 percent on the unpaid wages and overtime compensation owed to Plaintiffs under Labor Code section 218.6;

3.      For unpaid overtime, minimum wage and a minimum wage liquidated damages to Plaintiffs under Labor Code section 1194.2;

4.      For an award of attorney's fees pursuant to Labor Code section 1194;

5.      For rest and meal period premiums to pursuant to Labor Code section 226.7;

6.      For "waiting time" penalties under California Labor Code section 203;

7.      For earned but unpaid wages as equitable relief to Plaintiff and the class under the UCL for a period that extends the statute of limitations or recovery period for wages to four years;

8.      For declaratory judgment that the actions, conduct, and practices of Defendants complained of herein constitute unfair business practices under the UCL;

9.      For an injunction and order permanently restraining Defendants from engaging in the unlawful business practices complained of herein;

10.     For an order certifying a class of all persons who are or have been employed by

20

Defendants as non-exempt, hourly employees within the State of California within four years prior to the filing of the original Complaint to the final disposition of this case;

     11.    For an order appointing Alicia Arrendondo as class representative;

     12.    For an order that counsel for Plaintiff be appointed class counsel;

     13.    For an award of penalties to the class pursuant to Labor Code section 226;

     14.    For injunctive relief under Labor Code 226;

     15.    For an award of attorneys' fees pursuant to Labor Code section 226;

     16.    For reasonable attorney's fees and costs, including expert witness fees, pursuant to Code of Civil Procedure section 1021.5 and other provisions of the California Labor Code;

     17.    For interest to the extent permitted by law;

     18.    For civil penalties pursuant to PAGA on behalf of the state, the workforce and plaintiff, pursuant to Labor Code sections 200, 201-203, 204, 204b, 210, 226, 226.3, 256, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, and 2698 *et seq.*;

     19.    For an award of attorney's fees and costs pursuant to Labor Code section 2699(g)(1);

     20.    For costs and expenses of this action; and

     21.    For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on claims so triable.

Dated: May 23, 2019

                          By:  */s/ Joseph D. Sutton*
                                  Joseph D. Sutton
                                  Attorney for Plaintiff

FIRST AMENDED COMPLAINT                                 *Case No.:* 1:18-CV-01737-DAD-SKO