UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA ARREDONDO,<br><br>  Plaintiff,<br><br>  v.<br><br>SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC., dba Check 'N Go of California,<br><br>  Defendant. | No. 1:18-cv-01737-DAD-SKO<br><br>ORDER DIRECTING THE FILING OF SUPPLEMENTAL BRIEFING<br><br>(Doc. No. 44) |

This matter is before the court on plaintiff Alicia Arredondo's motion for preliminary approval of the parties' class action settlement. (Doc. No. 44.) The parties are directed to file supplemental briefing or declarations addressing the following issues:

1. A clarification as to the correct class period. Plaintiff's pending motion for preliminary approval, the proposed notice to class members, and the second amended complaint identify a class period of February 25, 2018 through December 31, 2020, (Doc. Nos. 44-1 at 1; 44-2 at ¶ 21; 44-4 at 1; 48 at ¶ 37), but the parties' proposed settlement agreement attached as an exhibit to the pending motion provides for a class period of "February 25, 2018 through the date of Preliminary Approval." (Doc. No. 44-3 at 2.)

/////

1

2. An explanation of and the authority supporting the breadth of the class member's release, as provided in the parties' proposed settlement agreement. (Doc. No. 44-3 at 16.) In particular, the settlement agreement provides for the release of claims that are not asserted in the second amended complaint or even mentioned in plaintiff's pending motion and that do not appear to have been litigated in this action, including: all claims for "expense reimbursements" and "failure to provide suitable seating," and claims under two regulations implementing the Fair Labor Standards Act. (Doc. No. 44-4 at 16.) In this regard, the court has concerns about the apparent overbreadth of this release. *See Gonzalez v. CoreCivic of Tennessee, LLC*, No. 16-cv-01891-DAD-JLT, 2018 WL 4388425, at *4-6, *10-12 (E.D. Cal. Sept. 13, 2018); *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 967–969 (N.D. Cal. 2019).

3. The court also is concerned that the proposed class notice may not sufficiently inform putative class members as to the claims that are being released under the proposed settlement agreement. To address this concern, the parties shall file a proposed amended notice that clearly identifies the claims that are being released. (Doc. No. 44-4.) For example, on page five of the class notice under, "WHAT AM I GIVING UP TO GET A PAYMENT?", the notice lists only the claims that are asserted in the complaint. Given that the release of claims is not limited to the claims brought in the second amended complaint, the notice should reference the settlement agreement's release provision and provide a link to the settlement agreement so that a class member can view the release, including the location within the settlement agreement where the release provision can be found. (*Id.* at 5.)

4. Next, the court is concerned that the parties did not comply with the Class Action Fairness Act's ("CAFA") notice requirement. 28 U.S.C. § 1715. In actions subject to CAFA—as plaintiff's counsel contends this one is (Docs. No. 44-1 at 7; 44-2 at ¶ 16)—the defendant must serve notice of the proposed settlement on

2

appropriate state and federal officials, and the settlement may not be finally approved until 90 days thereafter.  28 U.S.C. § 1715(b), (d).

Accordingly, the parties shall file a supplemental brief or declarations addressing these issues with fourteen days from the date of service of this order and are directed to attach to their supplemental briefing as exhibits any proposed amended settlement agreement and/or class notice.

IT IS SO ORDERED.

Dated: __**November 23, 2021**__      _____
UNITED STATES DISTRICT JUDGE